UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

KATHLEEN SMITH,

        Plaintiff,

v.

LULULEMON USA, INC.,
a foreign corporation

        Defendant.
_____/

## COMPLAINT AND JURY DEMAND

Plaintiff, KATHLEEN SMITH (hereinafter "Plaintiff"), sues Defendant, LULULEMON USA, INC. (hereinafter "Defendant or "Lululemon"), and alleges:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a female, former employee of Lululemon, is *sui juris* and has been a resident of Miami Dade County, Florida at all material times.

2. Lululemon is a Foreign Profit Corporation qualified to conduct business within the State of Florida, including in Miami-Dade County, Florida.

3. At all times material hereto, Lululemon was a covered "employer" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(b) ("Title VII"), and the Florida Civil Rights Act, Fla. Stat.§ 760.01 *et. seq.* (the "FCRA").

4. From June, 2011 to September 28, 2018, Plaintiff was an "employee" of Lululemon within the meaning of 42 U.S.C. § 2000e(f) and an "aggrieved person" within the meaning of the FCRA § 760.02(10).

5. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, Title VII, and supplemental jurisdiction under 28 U.S.C. § 1367.

6. Venue is proper because the alleged unlawful employment practices were committed within the jurisdiction of the United States District Court for the Southern District of Florida, Miami Division.

7. Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected. Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee.

**CONDITIONS PRECEDENT TO BRINGING SUIT**

8. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (the "EEOC") and the Florida Commission on Human Rights (the "FCHR") on May 8, 2019, within 300 days of the Lululemon' commission of the unlawful employment practices. Plaintiff's Charge of Discrimination is attached hereto as "Exhibit A."

9. More than 180 days have passed since Plaintiff dual-filed her administrative Charge of Discrimination.

10. Plaintiff has received a Right to Sue Notice from the EEOC dated November 6, 2019, attached hereto as "Exhibit B."

**ALLEGATIONS COMMON TO ALL COUNTS**

11. Plaintiff was hired by Lululemon in June, 2011 as a "Key Leader." In 2013, Plaintiff's title changed to "Store Manager," which remained her title until the termination of her employment on September 28, 2018.

12. From the beginning of her employment with Lululemon through 2018, Plaintiff consistently received outstanding performance evaluations, annual salary increases and bonuses.

13. Plaintiff is and at all relevant times was, from the beginning of her employment with Lululemon through 2018, a part-time swimwear model.

14. Plaintiff is and at all relevant times was, from the beginning of her employment with Lululemon through 2018, an active user of social media, including Instagram.

15. From the beginning of her employment with Lululemon through 2018, Plaintiff posted photographs of herself in swimwear unaffiliated with Lululemon products on her Instagram account ("Instagram Posts").

16. At all relevant times, Lululemon did not maintain any rules or policies prohibiting its employees from posting photographs of themselves in swimwear on social media.

17. In or around April, 2017, Ryan Fischbeck ("Fischbeck") was hired by Lululemon to be Plaintiff's direct supervisor and the South Florida Regional Manager. At all relevant times, Fischbeck exercised authority over Plaintiff's employment with Lululemon as an agent of Lululemon.

18. Under Lululemon's direction or control, Fischbeck monitored the social media accounts of Lululemon's Southeast Region employees and threatened and/or attempted to mete out discipline against female employees, inclusive of Plaintiff, who posted photographs of themselves in swimwear on social media.

19. In or around April, 2018, Fischbeck reproached Plaintiff and represented that Lululemon "would not want to promote Plaintiff" based upon the content of the Instagram Posts.

20. In or around April, 2018, Fischbeck became aware of another female employee under Fischbeck's supervision at Lululemon's Miami Beach store who, upon information and belief, also worked as a swimwear model outside of work and posted photographs of herself in swimwear on social media. Fischbeck contacted the employee's manager and requested the

employee's immediate termination. The manager declined to follow Fischbeck's directive and reported the incident to Lululemon's Human Resources Department.

21. At the same time, one or more male Lululemon employees under Fischbeck's supervision posted photographs of themselves on social media in scant male bikini bottoms and were neither reproached nor disciplined.

22. In July, 2018, at a Lululemon corporate retreat ("the July Retreat") attended by Plaintiff and other Lululemon employees, Fischbeck announced that Lululemon was rolling out a new social media policy ("the Social Media Policy") with the stated goal of "cleaning up" the social media pages of its employees. The Social Media Policy as announced was aimed solely at the social media conduct of Lululemon's female employees and discriminated against female employees in violation of Title VII and the FCRA.

23. At the July Retreat, Plaintiff announced her opposition and objection to the Social Media Policy and her belief that it was discriminatory against female employees.

24. In August, 2018, on a phone call with Fischbeck, Plaintiff restated her opposition and objection to the Social Media Policy as well as Plaintiff's belief that it was discriminatory. Fischbeck told Plaintiff that if Plaintiff disagreed with the Social Media Policy, Plaintiff would need to look for a new job.

25. On September 28, 2018, Fischbeck terminated Plaintiff's employment. At that time, no reasons were provided by Fischbeck.

26. In an effort to harass, humiliate, and/or embarrass Plaintiff in front of her colleagues, Fischbeck followed and video-recorded Plaintiff exiting the store after the termination of her employment.

27. When Plaintiff subsequently contacted Ms. Angela Mathews-Carrillo in Lululemon's Human Resources Department, Ms. Mathews-Carrillo advised that Plaintiff's employment had been terminated because prior corporate expenditures by Plaintiff, which had been approved by Lululemon management, had not been properly formatted into Lululemon's expense-tracking system with original receipts – an alleged violation of Lululemon's global travel and expense policy.

28. Lululemon used the minor infraction described by Ms. Mathews-Carrillo as a pretext for Plaintiff's unlawful termination.

29. At least one male manager employed in Lululemon's Southeast Region had also failed to properly format approved corporate expenditures into Lululemon's expense-tracking system in accordance with Lululemon's global travel and expense policy in or around the time of Plaintiff's termination but was not terminated.

30. At all times she was employed with Lululemon, Plaintiff was qualified for her position and was performing satisfactorily.

## COUNT I
### Violation of Title VII and the FCRA – Gender Discrimination

31. Plaintiff re-alleges paragraphs 1 through 30, as if fully stated herein.

32. Title VII and the FCRA outlaw workplace discrimination on the basis of gender.

33. Plaintiff is a female and a member of a protected class.

34. By the conduct set forth above, Lululemon has discriminated against Plaintiff on the basis of her gender in violation of Title VII and the FCRA.

35. The unlawful employment practices were done with malice or with reckless indifference to the protected rights of Plaintiff.

36. As the direct and proximate result of Lululemon's gender-based discrimination, Plaintiff has suffered and will continue to suffer monetary damages including, but not limited to, lost wages and benefits, damage to her professional career and reputation, personal humiliation, mental anguish and embarrassment.

WHEREFORE, Plaintiff demands judgment against the Defendant for her damages, inclusive of back pay, lost benefits, front pay, compensation for emotional pain and mental anguish, punitive damages, her reasonable attorneys' fees and costs, and such other relief the Court deems to be just and proper.

## COUNT II
### Violation of Title VII and the FCRA – Retaliation

37. Plaintiff re-alleges paragraphs 1 through 30, as if fully stated herein.

38. Plaintiff engaged in conduct protected by Title VII and the FCRA when she opposed, objected to and refused to participate in Lululemon's discriminatory and hostile treatment of its female work force.

39. Because of Plaintiff's protected conduct, Lululemon retaliated against Plaintiff by terminating Plaintiff's employment.

40. As a direct and proximate result of Lululemon's action, Plaintiff has suffered and will continue to suffer damages including, but not limited to, lost wages and benefits, damage to her professional career and reputation, personal humiliation, mental anguish and embarrassment.

WHEREFORE, Plaintiff demands judgment against Lululemon for her damages, inclusive of back pay, lost benefits, front pay, compensation for emotional pain and mental anguish, punitive damages, her reasonable attorneys' fees and costs, and such other relief the Court deems to be just and proper.

## COUNT III
## Violation of the Florida Whistleblower Act (Fla. Stat. § 448.102(3)) - Retaliation

41. Plaintiff re-alleges paragraphs 1 through 30, as if fully stated herein.

42. Florida's Whistleblower Act, Florida Statute § 448.102, prohibits an employer from retaliating against an employee who objected to, or refused to participate in the violation of laws designed to protect employees from discrimination on the basis of sex:

> § 448.102 Prohibitions.-An employer may not take any retaliatory personnel action against an employee because the employee has:
>
> * * *
>
> (3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation.

See Fla. Stat. § 448.102(3).

43. The termination of Plaintiff's employment was the result of retaliatory personnel action by Lululemon in violation of Florida law which has resulted in great harm and damage to Plaintiff.

44. As a direct and proximate result, Plaintiff has suffered and will continue to suffer monetary damages including, but not limited to, lost wages and benefits, damage to her professional career and reputation, personal humiliation, mental anguish and embarrassment.

WHEREFORE, Plaintiff demands judgment against Lululemon for her damages, inclusive of back pay, lost benefits, front pay, compensation for emotional pain and mental anguish, her reasonable attorneys' fees and costs, and such other relief the Court deems to be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all such claims as may be so triable as of right.

Dated: February 3, 2020

                    **WEIL SNYDER & RAVINDRAN, P.A.**
201 South Biscayne Boulevard
Citigroup Center, Suite 720
Miami, FL  33131
Telephone:     305.372.5352
Facsimile:      305.372.5355

By: *s/Marguerite Snyder*
      Ronald P. Weil, Esq. (169966)
      E-Mail: RWeil@weillawfirm.net
      Marguerite Snyder, Esq. (79082)
      E-Mail: MSnyder@weillawfirm.net
      Sec. Email: Service@weillawfirm.net