UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-20489-SCOLA/TORRES

KATHLEEN SMITH,

    Plaintiff,

v.

LULULEMON USA, INC.,

    Defendant.

_____/

**REPORT AND RECOMMENDATION
ON LULULEMON'S MOTION FOR COSTS**

This matter is before the Court on Lululemon USA, Inc.'s ("Lululemon") motion for costs against Kathleen Smith ("Smith"). [D.E. 74]. Smith responded in opposition on November 4, 2021. [D.E. 77]. And Lululemon filed its reply on November 12, 2021. [D.E. 78]. Therefore, Lululemon's motion is now ripe for disposition. After careful consideration of the filings and relevant authorities, and for the reasons discussed below, Lululemon's motion for costs should be **GRANTED in part** and **DENIED in part**.[1]

*I.    BACKGROUND*

On February 3, 2020, after having her employment terminated by Lululemon, Smith filed suit against Lululemon for gender discrimination and retaliation in violation of federal and state law. [D.E. 1]. Soon thereafter, Attorney Katharine J.

---

[1] On November 3, 2021, the Honorable Robert N. Scola referred Lululemon's motion for costs to the undersigned Magistrate Judge for a report and recommendation. [D.E. 76].

Liao was admitted *pro hac vice* to defend Lululemon in this action and, in the process, Lululemon incurred a $200.00 fee. [D.E. 9].

During the discovery period, seven people were deposed over eight days.[2] [D.E. 74 at 1-2]. With the exception of Smith's deposition, which was noticed by Lululemon, all of the depositions were noticed by Smith and involved Lululemon's current or former employees. [D.E. 74 at 5].

On May 20, 2021, Lululemon filed its motion for summary judgment against Smith on all counts. [D.E. 32]. Contemporaneously, it also filed a statement of material facts that included the transcripts from the depositions of Smith, Ryan Fischbeck, Jonathan Shupert, and Sabrina Badeaux. [D.E. 33]. On September 1, 2021, the Court granted summary judgment to Lululemon on all counts. [D.E. 60]. As the prevailing party, a status that Smith does not challenge in her response, Lululemon moved this Court to recover the costs associated with defense counsel's *pro hac vice* admission and some of the deposition transcripts. [D.E. 74; 77].

## II. ANALYSIS

Under Fed. R. Civ. P. 54(d)(1), a prevailing party is entitled to recover costs as a matter of course unless directed otherwise by a court or statute. A strong

---

[2] The invoices submitted by Lululemon indicate that Ryan Fischbeck was deposed over two days: March 23, 2021 and April 6, 2021. Because Lululemon is not seeking to recover the costs associated with the depositions of Angela Mathews-Carillo or Sabrina Badeaux and has, therefore, not submitted the invoices associated with these depositions, the total number of days associated with the depositions in this case is unclear.

presumption exists in favor of awarding costs. *Id.* A court may tax as costs those expenses enumerated in 28 U.S.C. § 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987) (absent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in § 1920). "To defeat the presumption and deny full costs, a district court must have a sound basis for doing so." *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000).[3]

The court should not take into consideration the relative wealth of the parties, as it would undermine the presumption that Rule 54(d)(1) creates in favor of the prevailing parties. *See id.* Upon the filing of a timely motion for costs, which sets forth in detail the amounts requested, the opposing party has the burden of showing that the requested costs fall outside the scope of this statute or are otherwise unreasonable. *See, e.g., Eugene v. 3Don & Partner Estate Group, LLC*, 2009 WL 996016, at *14 (S.D. Fla. Apr. 14, 2009) (finding that the burden lies with the

---

[3] Pursuant to Section 1920, a court may award the following costs:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title; and
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

3

challenging party to show that depositions were not related to an issue in the case at the time they were taken, and thereby show they were not wholly or partially necessarily obtained for use in the case).

Lululemon requests $5,669.67 in costs, including $200.00 in *pro hac vice* costs and $5,469.67 in costs associated with deposition transcripts. Smith objects to the taxing of *pro hac vice* costs as well as some of the deposition costs. The Court considers each cost request in turn.

### A.   *Pro Hac Vice Costs*

The first request is for $200 in *pro hac vice* costs. "Neither Rule 54 nor § 1920(1) specifically authorize *pro hac vice* costs to be taxed, and, consequently, many courts have found that such fees are not recoverable under § 1920." *HTC Leleu Family Tr. v. Piper Aircraft, Inc.*, 2013 WL 12092076, at *1 (S.D. Fla. Nov. 27, 2013) (citing cases); *see also McCray v. Dietsch & Wright, P.A.*, 2020 WL 6565078, at *5 (M.D. Fla. Nov. 9, 2020) ("Pro hac vice admission fees ($150) are not allowed.") (citing *Ferrara Candy Co. v. Exhale Vapor LLC*, 2019 WL 317646, at *4 (M.D. Fla. Jan. 7, 2019)). Indeed, district courts in the Eleventh Circuit have repeatedly rejected this cost and, in the absence of any appellate authority showing otherwise, Lululemon's request should suffer the same fate. *See Daniel-Rivera v. Everglades College*, 2017 WL 5197509, at * 6 (S.D. Fla. June 16, 2017) (finding persuasive cases from trial courts in the Eleventh Circuit holding that fees associated with *pro hac vice* motions are not recoverable under § 1920), *Report and Recommendation adopted*, 2017 WL

4

5197949 (June 30, 2017). As a result, Lululemon's motion for $200 in *pro hac vice* costs should be **DENIED**.

### B. *Deposition Transcript Costs*

Lululemon's next request concerns the costs associated with six depositions taken before the filing of its successful motion for summary judgment: (1) Jonathan Shupert on November 11, 2020; (2) Kathleen Smith on January 26, 2021; (3) Ryan Fischbeck on March 23, 2021; (4) Ryan Fischbeck on April 6, 2021; (5) Brian Fong on April 9, 2021; and (6) Kurt Leibel on April 14, 2021. With the sole exception of Smith's deposition, which was noticed by Lululemon, these depositions were noticed by Smith.

Smith's first argument for limiting the taxable costs associated with these depositions is that only three of the depositions were used in Lululemon's meritorious motion for summary judgment. This contention misconstrues the rule governing the recovery of deposition costs.

Under 28 U.S.C. § 1920, taxable costs may include fees for printed or electronically recorded transcripts "necessarily obtained" for use in the case. It is undisputed that the taxation of deposition costs is permitted. *United States Equal Employment Opportunity Commission v. W & O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) ("Though 1920(2) does not specifically mention a deposition, . . . depositions are included by implication in the phrase 'stenographic transcript.'") (quoting *United States v. Kolesar*, 313 F.2d 835, 837-38 (5th Cir. 1963)). The question of whether the

5

costs for a particular deposition are taxable depends on whether the deposition was wholly or partially "necessarily obtained for use in the case." *Id*. at 620-21. A deposition taken within the proper bounds of discovery will normally be deemed to "necessarily obtained for use in the case" and its costs will be taxed unless the opposing party interposes a specific objection that the deposition was "improperly taken or unduly prolonged." *Air Turbine Technology, Inc. v. Atlas Copco AB*, 2008 WL 544731, at *3 (S.D. Fla. Feb. 26, 2008). "Likewise, depositions relied upon for summary judgment motions are taxable." *Id*. By contrast, where the deposition costs were merely incurred "for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." *W & O*, 213 F.3d at 620.

Based on the foregoing, Smith appears to argue that, if deposition transcripts relied upon for summary judgment motions are taxable, then deposition transcripts not relied upon for summary judgment motions are not taxable. But that theory is incorrect because the test is whether the deposition transcripts are necessarily obtained for use in the *case*, not for use in the *summary judgment motion*. *See, e.g., Air Turbine*, 2008 WL 544731, at *3. Thus, obtaining deposition transcripts for use during discovery may be taxable so long as the transcript was "necessary to the issues in the case when the deposition was taken." *George v. Florida Dept. of Corrections*, 2008 WL 2571348, at *5 (S.D. Fla. May 23, 2008).

6

Because the parties presumably have equal knowledge of the basis for each deposition, the non-prevailing party bears the burden of showing that specific deposition costs were not necessary for use in the case or "that the deposition was not related to an issue present in the case at the time of the deposition." *Id.* Here, Smith does not argue that the depositions at issue were improperly taken or unduly prolonged. Instead, she argues that Lululemon's failure to use some of the deposition transcripts in its motion for summary judgment illustrates that those depositions were not related to issues present in the case at the time of the depositions and so the transcripts were, by contrast, acquired for convenience, preparation, or investigation. This argument is highly unpersuasive. Even though some of the depositions were not used in Lululemon's motion for summary judgment, it is undisputed that those depositions, which were noticed by Smith, concerned current or former Lululemon employees and were taken at a time when all of Smith's claims against her former employer were still in controversy. Accordingly, Smith has failed to meet her burden of showing that the relevant deposition transcripts, which were acquired within the proper bounds of discovery, were not acquired out of necessity. *See id.* (discussing non-prevailing party's failure to demonstrate that the deposition transcripts were not related to an issue that was present in the case at the time of the deposition and, therefore, requiring the non-prevailing party to pay for the deposition transcript costs); *see also Emery v. Allied Pilots Ass'n*, 2017 WL 5175617,

at *4 ("Here, at the time the depositions were taken, Count One was still pending, and therefore, Plaintiff was entitled to depose witnesses about that claim.").

Although the Court should award transcription fees for the depositions identified by Lululemon, some of the invoices submitted by Lululemon include extra fees that are not recoverable absent some proof from Lululemon that the additional expenses were justified by some need apart from counsel's convenience. *See Emery*, 2017 WL 5175617, at *4 (declining to award costs for any deposition fees beyond "the cost of the printed transcript and the stenographer's attendance"); *George*, 2008 WL 2571348, at *6 (deposition costs were not recoverable where claimant was unable to prove necessity, rather than mere convenience); *Suarez v. Tremont Towing, Inc.*, 2008 WL 2955123, at *3 (S.D. Fla. Aug. 1, 2008) (declining reimbursement for delivery charges and exhibits); *Whittier v. City of Sunrise*, 2008 WL 5765868, at *5 (S.D. Fla. Dec. 3, 2008) (finding that only the transcript and attendance fee of the court reporter were recoverable under § 1920).

In this regard Smith's objections as to specific costs associated with some depositions has more appeal. As to these costs Lululemon fails to articulate how certain itemized costs incurred in addition to the deposition transcript fee – i.e., "Litigation Support Package" and "Electronic Processing/Archival/Delivery" fees – were necessary for its use in the case.[4] In reply to this argument, Lululemon states

---

[4] Smith also argues that the invoices submitted by Lululemon in support of its motion for costs are insufficiently descriptive. Having closely reviewed the documents submitted by Lululemon, however, the Court disagrees with Smith and finds that

without elaboration that such fees are "reasonable and recoverable" by Lululemon. But simply asserting that such extra costs were "reasonable and recoverable" is insufficient to justify the taxing of these extra costs. Therefore, some of these costs will be excluded, and so Lululemon's motion for deposition transcript costs should be **GRANTED in part** and **DENIED in part**.

### III. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Lululemon's motion for costs be **GRANTED in part** and **DENIED in part**:

A. Lululemon's request for $200.00 in *pro hac vice* costs should be **DENIED**.

B. Lululemon's request for $780.57 in transcript costs for the deposition of Jonathan Shupert on November 11, 2020 should be **GRANTED in part** and **DENIED in part**, with the amount reduced by $50.00 to exclude recovery of the "Litigation Support Package" and "Electronic Processing / Archival / Delivery" fees.

C. Lululemon's request for $1,969.00 in transcript costs for the deposition of Kathleen Smith on January 26, 2021 should be **GRANTED**.

D. Lululemon's request for $944.65 in transcript costs for the deposition of Ryan Fischbeck on March 23, 2021 should be **GRANTED in part** and **DENIED in part**, with the amount reduced by $65.00 to exclude

---

Lululemon has proffered sufficient proof of its taxable costs.

       recovery of the "Litigation Support Package" and "Electronic Processing / Archival / Delivery" fees.

E.    Lululemon's request for $597.90 in transcript costs for the deposition of Ryan Fischbeck on April 6, 2021 should be **GRANTED in part** and **DENIED in part**, with the amount reduced by $65.00 to exclude recovery of the "Litigation Support Package" and "Electronic Processing / Archival / Delivery" fees.

F.    Lululemon's request for $492.05 in transcript costs for the deposition of Brian Fong on April 9, 2021 should be **GRANTED in part** and **DENIED in part**, with the amount reduced by $65.00 to exclude recovery of the "Litigation Support Package" and "Electronic Processing / Archival / Delivery" fees.

G.    Lululemon's request for $685.50 in transcript costs for the deposition of Kurt Leibel on April 14, 2021 should be **GRANTED in part** and **DENIED in part**, with the amount reduced by $65.00 to exclude recovery of the "Litigation Support Package" and "Electronic Processing / Archival / Delivery" fees.

H.    The Court should enter a final cost judgment in favor of Lululemon in the amount of **$5,159.67.**

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to

file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida this 10th day of January, 2022.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge