United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Kathleen Smith, Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 20-20489-Civ-Scola |
| | ) | |
| Lululemon USA, Inc., Defendant. | ) | |

### Order Adopting Magistrate Judge's Report and Recommendation

This matter was referred to United States Magistrate Judge Edwin G. Torres for a report and recommendation on the Defendant's motion for bill of costs. On January 10, 2022, Judge Torres issued a report, recommending that the Court grant in part and deny in part the motion and enter a final cost judgment in the Defendant's favor of $5,159.67. (ECF No. 81.) The Plaintiff timely filed objections to the report, arguing that costs associated with three deposition transcripts should not be awarded, as those deposition transcript costs were not necessarily obtained for use in the case. (ECF No. 86.)

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones,* 863 F.2d 815, 822 (11th Cir. 1989) (alterations omitted). The objections must also present "supporting legal authority." *See* Local Mag. J. R. 4(b). Once a district court receives "objections meeting the specificity requirement set out above," it must "make a *de novo* determination of those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." *Macort*, 208 F. App'x at 783–84 (quoting *Heath,* 863 F.2d at 822) (alterations omitted). To the extent a party fails to object to parts of the magistrate judge's report, those portions are reviewed for clear error. *See Macort*, 208 F. App'x at 784 (quoting *Johnson v. Zema Sys. Corp.,* 170 F.3d 734, 739 (7th Cir. 1999)). A court, in its discretion, need not consider arguments that were not, in the first instance, presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009).

Having considered Judge Torres's report, the record, and the relevant legal authorities, this Court finds Judge Torres's report and recommendation cogent and compelling. As Judge Torres explained, "[a] deposition taken within the proper bounds of discovery will normally be deemed to [be] 'necessarily

obtained for use in the case' and its costs will be taxed unless the opposing party interposes a specific objection that the deposition was 'improperly taken or unduly prolonged.'" (ECF No. 81 at 6 (quoting *Air Turbine Tech., Inc. v. Atlas Copco AB*, No. 01-8288-CIV, 2008 WL 544731, at *3 (S.D. Fla. Feb. 26, 2008)); *see also Ferguson v. Bombardier Serv. Corp.*, No. 8:03-cv-539-T-31DAB, 2007 WL 601921, at *3 (M.D. Fla. Feb. 21, 2007) ("[D]eposition costs are taxable even if a prevailing party's use of a deposition is minimal or not critical to that party's ultimate success[.]"). The Plaintiff does not argue that the depositions at issue were improperly taken or unduly prolonged, only that the costs of the deposition transcripts should not be included as the Defendant did not rely on those transcripts in its summary judgment motion. Therefore, the Court **affirms and adopts** Judge Torres's report and recommendation. (**ECF No. 81**.) The Court **grants in part and denies in part** the Defendant's motion for bill of costs. (**ECF No. 74**.) The Court enters a final cost judgment in favor of the Defendant in the amount of $5,159.67.

    **Done and ordered**, at Miami, Florida, on January 28, 2022.

Robert N. Scola, Jr.
United States District Judge